IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAKUB DADEJ | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 1972 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| COOK COUNTY SHERRIF, COOK COUNTY | ) | |
| SYSTEMS d/b/a CERMAK HEALTHCARE | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jakub Dadej brings a two count third amended complaint against the Cook County Sherriff and Cook County d/b/a Cermak Healthcare Services ("Cermak"), alleging a Monell claim under 42 U.S.C. § 1983 and a state law claim for intentional infliction of emotional distress ("IIED"). Cermak has moved to dismiss both counts. (Doc. 54). For the reasons stated below, Cermak's motion is denied.

**BACKGROUND**

At some point before November 5, 2018, plaintiff injured his left index finger. On November 5, 2018, plaintiff was driving home when he was stopped and detained by the Rosemont Police Department. Upon arrest and inspection of plaintiff's injury, Rosemont Police transported plaintiff to Resurrection Hospital, where doctors performed surgery to stabilize plaintiff's injury. The doctors prescribed antibiotics and pain medications, and gave Rosemont Police gauze and dressing changes upon plaintiff's discharge from the hospital. Plaintiff alleges that he never received the prescribed medications or the dressing changes.

Several days later, on November 8, 2018, plaintiff was transferred to the Maywood police station, where he was told to submit a written grievance report for treatment. Plaintiff alleges that he did so yet did not receive any treatment. Plaintiff then submitted an emergency written request for treatment on November 9, 2018, which also resulted in no treatment. Plaintiff claims that he was refused medications, dressing changes, and medical care.

Plaintiff was transferred to Cook County Department of Corrections on the morning of November 11, 2018. Upon arrival, plaintiff informed a nurse that he needed medications and a dressing change. Plaintiff did not receive any treatment. Later that afternoon, plaintiff informed a commanding officer that he needed to go to the dispensary for dressing changes and antibiotics. The following morning, plaintiff made the same request to a different commanding officer. Both requests were ignored.

On November 13, 2018, plaintiff spoke with the medications nurse and requested dressing changes and antibiotics. The nursed told plaintiff that no medications were listed in the system and to request an appointment with a doctor. From November 12 through November 16, plaintiff continued to request treatment for his injury, submitted numerous written requests to Cermak, and continued to ask employees for assistance. Plaintiff alleges that he was repeatedly ignored. As a result, plaintiff alleges that he has permanent damage to his left index finger.

Plaintiff filed a pro se complaint on March 21, 2019. The court recruited counsel several months later. In October 2020, Cermak filed the instant motion to dismiss, and the court set a briefing schedule. Plaintiff requested an extension of time to respond, which the court granted. However, plaintiff failed to file a response brief by the deadline. At a hearing in February 2021, plaintiff made a second motion for extension of time, which the court granted. Per the court's

2

order, plaintiff was to file his response brief on March 12, 2021. Instead, and after Cermak filed a reply noting the timeliness issues, plaintiff filed his response brief on March 30, 2021.[1] Plaintiff did not provide an explanation for the delay.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. Aschroft v. Iqbal, 556 U.S. 662, 678 (2009); see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Cermak has moved to dismiss both Count I and Count II. The court will discuss each in turn.

### I.     Count I: Monell Claim

Plaintiff brings a Monell claim against Cermak, arguing that Cermak maintained a policy, practice, or custom of providing deliberately indifferent medical treatment to pretrial detainees. Cermak moves to dismiss, arguing that plaintiff in fact received medical care, that plaintiff's allegations amount to a single incident, not a widespread practice, and that grievance procedures are generally necessary and reasonable.

---

[1] Cermak filed a timely reply in both instances, arguing that plaintiff's arguments are waived because he failed to respond. Ordinarily, the court would agree. However, the court will not penalize plaintiff for his counsel's lack of diligence. The court considers plaintiff's arguments, despite the tardiness.

To state a Monell claim, plaintiff must plead factual material that would allow the court to plausibly infer that: (1) he has suffered the deprivation of a constitutional right; and (2) an official custom or policy of defendant caused that deprivation. See McCauley v. City of Chi., 671 F.3d 611, 616 (7th Cir. 2011); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). For the latter element, plaintiff will have to establish that his constitutional violation was "caused by: (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policy making authority." Milestone v. City of Monroe, Wisc., 665 F.3d 774, 780 (7th Cir. 2011).

The Seventh Circuit has reminded courts not to apply a "heightened pleading standard" to Monell claims. White v. City of Chi., 829 F.3d 837, 844 (7th Cir. 2016). Instead, Monell claims may proceed "even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing." Rodriguez v. Mohammad, 2020 WL 5800816, at *3 (N.D. Ill. Sept. 29, 2020).

Plaintiff has alleged sufficient factual material for a Monell claim. For the first prong, his complaint adequately alleges that he suffered a constitutional deprivation when the nurses and officers deliberately ignored his repeated requests for medical care. In this context, plaintiff's claims for inadequate medical care are analyzed under the Fourteenth Amendment.[2] See McCann v. Ogle Cnty., Illinois, 909 F.3d 881, 886 (7th Cir. 2018). This analysis proceeds in two steps: first, the court asks whether the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's

---

[2] As defendant notes in its brief, a pretrial detainee's claims of inadequate medical care are analyzed under the Fourteenth Amendment, not the Eighth Amendment. See McCann v. Cnty. of Lake, 900 F.3d 335 (7th Cir. 2018). Despite defendant's explanation, plaintiff continues to cite the Eighth Amendment standard.

4

case"; and second, the court asks whether the challenged conduct was objectively unreasonable. McCann, 909 F.3d at 886. Plaintiff's allegations satisfy both aspects of the Fourteenth Amendment standard: he alleges that defendant acted knowingly, and that the repeated denial of medical care was objectively unreasonable.

Cermak's argument—that plaintiff was in fact seen by medical officials—is a non-starter and misconstrues the allegations at hand. Plaintiff does not allege that he did not see any medical personnel, but that no care was given. Indeed, plaintiff acknowledges that he spoke with medical officials such as the medications nurse. Yet despite plaintiff's repeated requests, no care was given, and no medications were dispensed. Plaintiff has sufficiently alleged a constitutional violation that satisfies Monell's first prong.

For the second prong, Cermak argues that plaintiff cannot convert his single incident into a Monell claim. Defendants cite a slew of Seventh Circuit precedent for this proposition, including Grieveson v. Anderson, 538 F.3d 763, 774 (7th Cir. 2008), Estate of Moreland v. Dieter, 395 F.3d 747, 760 (7th Cir. 2005), and Jackson v. Mario Cnty., Ind., 66 F.3d 151, 152 (7th Cir. 1995). Those cases are not on point. Grieveson and Dieter dealt with appeals of summary judgment, not motions to dismiss. And Jackson actually cuts in plaintiff's favor. There, the Seventh Circuit criticized the district court for requiring a complaint to contain more specificity about the pattern and policy. Jackson, 66 F.3d at 152-53. Like the plaintiff in Jackson, plaintiff is in no position, prior to discovery, to make allegations about other cases of medical neglect and Cermak's policies.

5

Defendant is correct that at summary judgment plaintiff's single incident cannot give rise to a Monell claim.³ At this early, pre-discovery stage, "plaintiff need only allege a pattern or practice, not put forth the full panoply of evidence from which a reasonable factfinder could conclude such a pattern exists." Barwicks v. Dart, 2016 WL 3418570, at *4 (N.D. Ill. June 22, 2016) (rejecting defendant's argument that plaintiff's allegation of his own injury was merely a "single incident," and holding that plaintiff sufficiently alleged a Monell claim). Plaintiff's complaint sufficiently alleges a Monell claim.

Finally, defendant argues that plaintiff's complaint should be dismissed because grievance procedures are necessary and reasonable. While that may be true, merits arguments such as this do little to challenge the sufficiency of plaintiff's complaint.

**II.     Count II: IIED**

Defendant argues that plaintiff's IIED claim should be dismissed because defendant did not engage in outrageous conduct, and defendant is immune from suit under the Illinois Tort Immunity Act. 745 ILCS 10/1-101(a). Regarding the first argument, defendant again engages in a merits analysis of what did or did not occur, as opposed to what plaintiff sufficiently alleges. Plaintiff's complaint alleges that defendant repeatedly ignored plaintiff's requests for immediate medical care, resulting in permanent damage. Ignoring repeated pleas for medical treatment can be a sufficient basis for outrageous behavior. See Cobige v. City of Chi., 752 F.Supp.2d 860, 872 (N.D. Ill. 2010) (denying 50(b) motion after jury verdict on IIED claim based on officers

---

³ While the Seventh Circuit "has not adopted any bright-ling rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident—or even three incidents—do not suffice." Wilson v. Cook Cnty., 742 F.3d 775, 780 (7th Cir. 2014).

ignoring prisoner's abdominal pain and repeated requests for assistance). The court is persuaded that plaintiff has sufficiently alleged an IIED claim.

Defendant next argues that it is immune from suit under 10/4-105 and 10/4-103. Section 10/4-105 of the Illinois Tort Immunity Act provides:

> Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care.

Plaintiff specifically alleges that defendant's employees were informed and aware of plaintiff's injuries and the need for treatment, yet acted with deliberate indifference in denying care. See Pittman v. Cnty. of Madison, 746 F.3d 766, 781 (7th Cir. 2014) ("willful and wanton standard remarkably similar to the deliberate indifference standard"). Consequently, Section 10/4-105 does not apply.

Defendant also argues that Section 10/4-103 of the Illinois Tort Immunity Act provides absolute immunity for claims based on the failure to provide sufficient equipment, failure to provide sufficiently trained personnel, the failure to adequately supervise employees, and the failure to provide adequate facilities. However, plaintiff does not allege any of these claims, but rather alleges a policy and practice of ignoring inmates' need for immediate care. Thus, this portion of the statute is not relevant to the complaint at issue. See Cooper v. Office of the Sheriff, 333 F.Supp.2d 728, 735 (N.D. Ill. 2004) (when the "gravamen" of plaintiff's complaint is "failure to provide timely medical care and treatment," Section 10/4-103 does not apply).

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss [Doc. 54] is denied. Cermak is directed to answer the complaint on or before September 3, 2021. The parties are directed to file a joint status report using this court's form on or before September 10, 2021.

ENTER:

Robert W. Gettleman
United States District Judge

DATE: August 5, 2021